FILED FOR RECORD
IN THE CIRCUIT COURT
SCOTT COUNTY, MISSISSIPPI

IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSISSIPPI

AUG 27 2019

REBECCA "BECKY" GRAY, CIRCUIT CLERK

TITIANIA DENHAM, Individually
and on behalf of the Wrongful Death Beneficiaries
of CHAVARUS DENHAM, and
the Estate of CHAVARUS DENHAM                                    PLAINTIFFS

VS.                                        CIVIL ACTION NO.: 2019 -CV-338-SC·CC

CITY OF FOREST POLICE DEPARTMENT
DEANDRE WILSON AND JOHN DOES 1-10                               DEFENDANTS

## COMPLAINT

COMES NOW Plaintiffs, by and through counsel, and file this Complaint, and for their

claim for relief against the defendants herein, would respectfully show the following:

### PARTIES

1.    Plaintiff, Titania Denham, is an adult resident citizen of Scott County,

Mississippi. Plaintiff and her minor children are heirs and wrongful death

beneficiaries of the decedent, Chavarus Denham.

2.    Defendant, City of Forest, is a municipal corporation, within the State of

Mississippi, with the capacity to sue and be sued, which at all times relevant

employed one or more of the Defendants. Pursuant to Rule 4 of the Mississippi

Rules of Civil Procedure, the City of Forest may be served with process of this

Court by serving Faye Johnson, City Clerk, 120 South Davis Street, Forest, MS

39074.

Exhibit A

3.     Defendants, John Does 1-10 are unknown individuals and/or entities liable to the

Plaintiffs for the acts and omissions as alleged herein.  The names and capacities

of Defendants John Does 1-10 inclusive, whether individual, corporate or

otherwise, are presently unknown to Plaintiffs, who, therefore sue said

Defendants by fictitious names and will further seek lease of this Court to

amend this Complaint to show their true names and capacities when the same

are ascertained.  Plaintiffs allege upon information and belief each of the

Defendants designated herein as a Doe is responsible in some manner and liable

herein to Plaintiffs by reason of negligence, gross negligence, wanton and

reckless misconduct, and/or in some other manner whether alleged herein in

this Complaint or not, and by such wrongful conduct, said Defendants, each of

them, proximately caused the injury and damages occasioned to Plaintiffs

herein.

## JURISDICTION AND VENUE

4.     Venue is proper in the County Court of Scott County, Mississippi pursuant to

Section 11-11-3 of the Mississippi Code, as this cause of action in tort accrued

within said County.

## FACTS

5.     Upon information and belief, on or about June 7, 2018, Chavarus Denham was

found in his truck, on West Oak Street, by Officer Deandre Wilson, who was

employed with the City of Forest Police Department, upon sustaining a gunshot

-2-

wound. As a result of said wound, Mr. Denham died. Upon information and belief, Mr. Denham's death was caused by, Deandre Wilson, a City of Forest Police Officer.

### FIRST CAUSE OF ACTION

6.      Defendants, Deandre Wilson, individually, by and through their willful and unreasonable conduct, and errors of omission and commission as described above, while acting under color of law in their official capacities as officers of the law in the employ of the City of Forest, Mississippi, violated Plaintiff's civil rights by:

   (a)    effecting a deliberate, malicious, and unlawful seizure of Plaintiff; and

   (b)    effecting a deliberate, malicious, and unlawful detention and arrest of Plaintiff with and through the use of excessive force.

7.      Defendants, Deandre Wilson and City of Forest, as a matter of policy, custom and practice have, with deliberate indifference, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the violations to Plaintiff's civil rights.

8.      Defendants, Deandre Wilson and City of Forest, exercised and acted with deliberate indifference to Plaintiff's civil rights by failing to provide adequate and reasonable procedures for hiring, training, supervision and discipline of police officers, failing to make and enforce policies and standards of police behavior designed to prevent unnecessary, unreasonable and unjustifiable

injury to citizens, failing to establish adequate procedures for and to conduct thorough internal investigations and reviews of incidents which involve injury and/or death to citizens, and failing to prohibit the use of excessive force against citizens.

9.      Defendants, had actual or constructive knowledge of the persistent, widespread practice of the use of excessive force by the Forest Police Officers, and are therefore liable for the injuries and damages to Plaintiff.

10.     The actions of defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States of America, in particular, the rights to be secure in his person and property, to be free from the excessive use of force, and to due process of law. By its actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

11.     At all times relevant herein, the defendants acted wilfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to the rights of Plaintiff.

12.     The acts and failures to act described herein were the direct and proximate cause of the damages and injuries to the Plaintiff.

13.     The defendants are liable to Plaintiff jointly and severally for the wrongs complained of herein.

                        SECOND CAUSE OF ACTION

14.     Plaintiffs reallege and incorporates paragraphs 1 through 13 of the Complaint.

15.     On or about May 15, 2019, Plaintiff mailed a notice of a claim, pursuant to Miss. Code Ann. § 11-46-11. The notice of claim was received by the City Clerk of the

-4-

City of Forest,. Ninety (90) days have passed since the mailing of the notice to the defendants.

16. Defendants acted in reckless disregard for the safety and well-being of Plaintiff. Plaintiff was not engaged in criminal activity at the time of the beating.

17. The shooting of Chavarus Denham constituted an assault and battery.

18. The shooting of Chavarus Denham constituted an intentional infliction of emotional distress.

19. The actions of defendants deprived Chavarus Denham of his rights, privileges and immunities under the laws and Constitution of the State of Mississippi, in particular, the rights to be secure in his person and property, to be free from the excessive use of force, and to due process of law. By its actions, defendants have deprived plaintiff of rights secured by Article 3, Sections 14, 23, and 32 of the Constitution of the State of Mississippi.

20. Defendants, at the time of the beating were acting in the course and scope of his employment with the City of Forest, Mississippi, and the City of Forest, Mississippi is liable for the actions of defendants.

21. Defendants were at all relevant times set forth herein inadequately trained, supervised and disciplined. Based upon these inadequate procedures, defendants, John Does, should not have been hired and allowed to perform as police officers. The City of Forest knew or should have known that defendants, john does, were inappropriately hired, trained, disciplined, and supervised.

22. The defendant's actions and inactions were a direct and proximate cause of the injuries and damages of Plaintiff, and constituted negligence, gross negligence, recklessness, and intentional torts, all in violation of the statutory and common

law of the State of Mississippi.

## DAMAGES

23.     Plaintiffs reallege and incorporates paragraphs 1 through 22 of the Complaint.

24.     As a direct and proximate cause of the actions of defendants, Plaintiff suffered

injuries and damages.  Plaintiff is entitled to recover damages, for the following:

(a) medical expenses;

(b) pain and suffering; and

( c) mental and emotional distress; and

(d) lost income

25.     The actions and inactions of Defendants were intentional, wilful, malicious,

deliberately indifferent, and done in callous disregard for Plaintiff's rights and

safety that Plaintiff is entitled to punitive damages.

26.     Plaintiffs request cost of court, reasonable attorneys' fees and expenses,

pursuant to 42 U.S.C. § 1988 and state law.

27.     Plaintiffs further requests any other relief that the Court deems just and

appropriate, based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a judgment be entered

against all defendants, individually, severally and jointly, for actual and compensatory

damages, plus prejudgement and post judgment interest, attorney fees, expenses and all costs

accrued in this action, and any other relief which the Court and Jury deems just and

appropriate.

This, the 26th day of August, 2019.

Respectfully submitted,

TITIANIA DENHAM, Individually
and on behalf of the Wrongful Death Beneficiaries
of CHAVARUS DENHAM, and
the Estate of CHAVARUS DENHAM

BY: _____
BRYANT D. GUY (MSB # 99858)
COUNSEL FOR THE PLAINTIFFs

OF COUNSEL:

BRYANT  D. GUY, ATTORNEY AT LAW, PLLC
POST OFFICE BOX 10173
JACKSON, MS  39286-0173
TELEPHONE (601) 969-6960
FACSIMILE (601) 969-6959

-7-